RURY v. McKAY.

(District Court, N. D. California. December 9, 1897.)

No. 11,392.

SEAMEN—FORFEITURE OF WAGES—DEVIATION OF VESSEL.

Under shipping articles describing the voyage as from San Francisco to Gray's Harbor, "thence to San Francisco for final discharge, either direct or via one or more ports of the Pacific Coast, either north or south of the port of discharge," the vessel is not entitled, after going to Gray's Harbor, and taking a cargo thence to San Pedro, to again return to Gray's Harbor without going to San Francisco; and a seaman who abandoned the ship at San Pedro on the announcement of the intention to return direct to Gray's Harbor, did not thereby forfeit his wages.

This was a libel by John Rury against E. A. McKay to recover seamen's wages.

H. W. Hutton, for libelant.

Allen C. Wright, for respondent.

DE HAVEN, District Judge. On the 24th day of April, 1897, the libelant agreed to serve as a seaman on board the schooner Occidental, under shipping articles signed by him, and containing the following provisions:

"It is agreed between the master and seamen or mariners of the schooner Occidental, * * * now bound from the port of San Francisco, California, to Gray's Harbor, thence to San Francisco, for final discharge, either direct or via one or more ports of the Pacific Coast, either north or south of the port of discharge, for a term of time not exceeding (6) six calendar months, * * * and that, in case any of the crew leave the vessel before the completion of the voyage aforesaid, the persons so leaving shall forfeit to the owners of the said vessel all the wages due them."

After signing the shipping articles, the libelant went immediately on board the said schooner Occidental, and proceeded on her to Gray's Harbor, where she was loaded with lumber, going thence to San Pedro, where the lumber was discharged, and the master of said vessel then informed the libelant and others of her crew that it was his intention to return to Gray's Harbor without stopping at the port of San Francisco. The libelant refused to go, and abandoned the schooner, claiming that the return to Gray's Harbor without stopping at the port of San Francisco was a deviation from the voyage described in the shipping articles signed by him.

The only question for decision here is whether the libelant forfeited his wages by leaving the vessel under the circumstances above stated, and this, of course, depends upon the construction to be given the shipping articles. The defendant insists that the shipping articles should be construed as an agreement upon the part of the libelant to serve as a seaman on board the Occidental on her voyage from San Francisco to Gray's Harbor, thence to ports either north or south of San Francisco, and thence upon other voyages up or down the coast, returning to the port of San Francisco, as the port of final discharge, within six months from the date of the signing of the shipping articles. This contention of the defendant can-

not be sustained, as such a construction of the shipping articles would entirely eliminate the port of San Francisco as the place at which the first voyage, as described in such articles, was to end. In my opinion, the return of the schooner Occidental from the port of San Pedro to Gray's Harbor without stopping at San Francisco on her way north was a deviation from the first voyage described in the shipping articles, and the libelant was justified in his refusal to make such return voyage. The conclusion here reached is in harmony with the case of The J. M. Griffith, 71 Fed. 317, and that of Heinrici v. The Laura Madsen, 84 Fed. 362, and upon the authority of those cases the libelant is entitled to a decree for the amount of wages claimed in the libel, together with the amount paid by him for passage from San Pedro to the port of San Francisco, and costs. Let such decree be entered.