THE GRACE DOLLAR (two cases).

(District Court, W. D. Washington, W. D. November 19, 1906.)

Nos. 542, 543.

SEAMEN—RIGHT TO RECOVER WAGES—DESERTION.

Libelants signed shipping articles at San Francisco for a voyage "from the port of San Francisco, Cal., to Portland, Or., and other Columbia river ports, and return to San Francisco for final discharge, either direct or via one or more ports on the Pacific Coast, north or south of the port of discharge, as the master may direct; voyage not to exceed six calendar months." The vessel proceeded to Portland, where she took on a cargo of lumber for Los Angeles, and after its discharge made a run past San Francisco to Aberdeen, on Gray's Harbor, Wash., where she proceeded to load a cargo of lumber for San Francisco. Libelants there demanded their wages, and left the vessel without the master's consent, claiming that they had performed their voyage, although they had served less than a month. Held, that they were properly logged as deserters, and were not entitled to recover wages; the articles clearly giving the master the right to make other coast ports, in order to obtain a return cargo to San Francisco, within the six months' limit of time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Seamen, §§ 104, 106.]

In Admiralty. Suit by seamen for wages.

Suit in rem for seamen's wages. The libelants and interveners having signed shipping articles at San Francisco for a voyage from that port to Portland, Or., and return, and having served on board the

Grace Dollar, pursuant to the shipping articles, a period of less than one month, at Aberdeen, on Gray's Harbor, in the state of Washington, left the vessel without the master's consent, and demanded their wages, claiming that they had completed performance of their contract. Libelants held to be deserters, and a decree for wages denied.

Marquis & Shields, for libelants.

William H. Brinker, for claimant.

HANFORD, District Judge. This case has been submitted for decision upon an agreed statement of facts, substantially as follows: The Grace Dollar is an American vessel, engaged in the coasting trade, and was on the 10th day of May, 1906, at the port of San Francisco, at which time and place her captain, E. M. Olsen, hired the libelants and intervening libelants, except Mike McGinnis, to serve as part of her crew for wages at a specified rate. The shipping articles, which the men signed, specified the voyage which they were to make in the vessel and their term of service in the following words:

"From the port of San Francisco, Cal., to Portland, Or., and other Columbia river ports, and return to San Francisco for final discharge, either direct or via one or more ports on the Pacific Coast north or south of the port of discharge, as the master may direct; voyage not to exceed six calendar months."

Mike McGinnis signed the same shipping articles as a fireman, at a specified rate of wages, at Los Angeles, on the 1st day of June, 1906. The vessel made the run from San Francisco to Portland, where she took on board a cargo of lumber, which she carried past San Francisco to Los Angeles, Cal., where it was discharged, and she then made a run from Los Angeles northward past San Francisco to Aberdeen, on Gray's Harbor, in the state of Washington, where she arrived June 5, 1906, and the master then announced that a cargo of lumber was to be taken on board, to be carried to San Francisco, and the seamen were required to perform labor in taking in said cargo, which they refused to do; they claiming that they had performed their voyage, and demanded their wages. They were informed by the master that he would require them to continue in the service until the ship arrived at San Francisco, and that they would be logged as deserters if they quit the service without his consent. They did quit the service, and left the vessel without the master's consent, and he logged them as deserters.

It is not contended that the libelants had any cause for leaving the vessel without completing their contract, and there is no contention that the contract is invalid by reason of insufficiency or uncertainty in its specification of the nature of the voyage to be undertaken, the port of final discharge, or the duration of the term of service. The only difference to be adjusted by the decision of the court is in respect to the true interpretation of the contract.

I am unable to agree with the conclusions announced in the decisions in the cases of Rury v. McKay (D. C.) 84 Fed. 360, and The Laura Madsen (D. C.) Id. 362. These are both decisions by District Courts of the Ninth Circuit, and I am required by the decision of the Circuit Court of Appeals in the case of The Mermaid, 115 Fed. 13, 52

C. C. A. 607, to give consideration to the nature of the service engaged for in construing the contract. Manifestly, the object in view was to keep the vessel continuously employed, and to not return to San Francisco until she obtained a cargo to bring back; and it is plainly apparent that it was contemplated, at the time of signing the shipping articles, that the Grace Dollar might be required to visit different Pacific Coast ports north and south of San Francisco in order to obtain a return cargo, for it is specified in the contract that she might do so if her master so directed. I hold that the libelants and intervening libelants have not performed their contract, and that they were lawfully logged as deserters, for the simple reason that when they left the vessel without the master's consent she had not arrived at the designated port of final discharge, and there was a wide margin between the time of their service in the vessel and the time limited by the contract for the vessel to make that port; and I hold that there was no deviation, for the simple reason that the contract gave the master discretion to visit different ports, both north and south of San Francisco, before returning there, within the time limited.

Let a decree be entered dismissing the suit, with costs.